IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THOMAS FRAZIER
Defendant/Petitioner,

vs.

UNITED STATES OF AMERICA
                    RESPONDENT.

DOCKET NO. # 97cr40028-002

04-40048-NMG

**PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 USC § 2255**

  **COMES NOW, Thomas Frazier,** refer to here on as "Petitioner" in Pro-se who most respectfully prays that this Honorable court to grant the Writ and set aside, or correct sentence that was imposed in violation of the laws of the United States of America.

### STATEMENT OF THE CASE

  On or about September 18 1997, a seven Count Sealed Indictment was returned at Boston, in the U.S. District Court, naming Thomas Frazier, and 5 other Co-defendants with conspiracy to possess with Intent to District Cocaine.

  Frazier was named in Counts, 1,2,and 6, Count One, charges that from a date unknown to the grand jury, but from at least on or about June 26, 1997 and continuing thereafter until on or about July 17, 1997, at Webster, Worcester and elsewhere in the District of Massachusetts, Thomas Frazier and 5 other Co-defendant's knowingly and intentionally conspired and agreed with each other known and unknown to the grand jury, to possess with intent to distribute, and distributed, a quantity of cocaine base, a schedule II controlled substance, in violation of Title 21 U.S.C. § 841.(a)(1), all in violat-

1

ion Title 21 U.S.C. § 846.

Count Two, charges that on or about June 26, 1997, at Worcester and elsewhere in the District of Massachusetts, Thomas Frazier and 5 other other Co-defendant's knowingly and intentionally possessed with intent to distribute, and districbuted, a quantity of cocaine base, a schedule II controlled substance, all in violation of Title 21 U.S.C. §841 (a)(1).

Count Six, charges that on or about July 17, 1997, at Webster and elsewhere in the District of Massachusetts, thomas Frazier, knowingly and intentionally possessed with intent to distribute and distributed cocaine base, a schedule II controlled substance, all in violation of Title 21 U.S.C. § 841(a)(1).

An arrest warrant was issued the same day the indictment was returned. On September 23, 1997, the defendant was arrested by drug enforcement agency in Dudley, MA. At 7 a.m. later the same day, Frazier made his first appearance before the Honorable Charles B. Swartwood, U.S. Magistrate Judge, District of Massachusetts for a bail hearing, which was continued.

On October 8, 1997, Frazier was arraigned on the indictment and order detained. On May 10, 1999, the defendant appeared before the Honorable Nathaniel M. Gorton, U.S. District Judge, in Worcester, MA, and changed his plea to guilty on count 6, Judge Gorton Scheduled disposition for Jury 26, 1999 and remaned the defendant to the custody of the U.S. Marshall.

### STATEMENT OF FACTS

According to the criminal complaint, in Docket #976cr1735A, that was filed on May 18, 1997, paragraph (39) of the (PSI-Report).

2

## CRIMINAL HISTORY COMPUTATION

Based on the above convictions, the defendant has a subtotal criminal history score of 5, paragraph (43) of the (PSI-Report).

At the time that the instant offense was committed, the defendant was under the criminal justice sentence imposed on 8/24/1995 in Dudley District court. Two (2) points was added, pursuant to U.S.S.G. § 4A1.1(d), paragraph (44) of the (PSI-Report).

The instant offense was committed less than two (2) years following the defendant's release from custody on 1/24/1997 for the sentence imposed on 8/24/1995.

One (1) point is added, pursuant to U.S.S.G. § 4A1.(e), paragraph (45), of the (PSI-Report).

The total of criminal history points is 8. According to the sentencing table (U.S.S.G. chapter 5, part A), 7 to 9 criminal history category of IV, paragraph (46), of the (PSI-Report).

**TOTAL POINTS 8**

**CATEGORY    IV**

As detailed above, the defendant is a **Career Offender,** as at the time, he was a **Career Offender,** in which he was sentence on 11/23, 1999, before the District Court, do to the fact the U.S. Attorney Office, alone with the U.S. Probation Department determine the Petitioner had at least two prior felony convictions of either a crime of violence or an applicable controlled substance counted separately under the provisions of § 4A1.1(a)(b) or (c), see offenses specified in paragraph's (35) and (39).

His criminal history category is VI, pursuant to the provisions of U.S.S.G. § 4B1.1, and the Petitioner was sentence to a guideline range of 151 to 188 months of imprisonment.

An appeal was filed and after a determination that the Petitioner was not a **Career Offender,** the case was remanded for resentencing. At the re-sentencing, the Petitioner asked the judge to recuse himself because the Government had breached the terms of the plea agreement and the judge denied that request.

The judge then departed above the guideline range and sentenced the Petitioner to one hundred and thirty-eight months of incarceration. The case was scheduled for re-sentencing on May 3, 2002, and the judge acknowledged that the Petitioner was not a **Career Offender,** indicated that he was familiar with the details of this motion. Hrng. at 2.

Prior to the Petitioner pleading guilty, the government had signed a plea agreement whereby they relinquished their to seek an upward departure. Doc. #207.

Finally, the court noted that the two assault and battery cases described on paragraph (39), of the Pre-sentence Report were treated as one incident for purposes of his Criminal History calculation. Id. at 15.

This departure resulted in an offense level of 27 at a criminal history category of V for a Guideline Sentence Range of 120 to 150 months and the Petitioner was sentenced to a 138 months. Id. at 17,20.

On September 25, 2003, Judge Snider dismissed the Petitioner Dudley District Court matters for lack of prosecution. concerning Docket No. # 97cr40028-002. See Exhibit(A).

The Petitioner request that this Honorable Court direct the U.S. Probation Department to re-calculate his ciminal history point

from 8 to 3. The Court noted that the two assault and battery charges described in Paragraph (39), of the (PSI-Report) were treated as one incident for purposes of his Criminal History Calculation, in which cause him 5 Criminal History Points at the time the U.S. Probation Department Prepared the (PSI-Report.

Under the Guidelines, an expunge or dismissor of a conviction by the court may not be included in a defendant's criminal history for re-calculation. U.S.S.G. § 4A1.2(j).

A prisoner in custody under sentence of a court establish by Act of Congress claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution or laws of the United States, or that (2) the court was without jurisdiction to impose such sentence, or that (3) the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. See **U.S. V. PETTIFORD**, 101 F.3d 199 (1st Cir. 1996).

A district court has considerable discretion in appraising a defendant's criminal history, U.S.S.G. § 4A1.2 (j), although sentences for expunged convictions are not counted when calculation of the criminal history points.

On September 25, 2003, Judge Snider dismissed the Petitioner Dudley District Court matters for lack of prosecution that are outlined in Paragraph (39) Docket No.#97cr40028-002. See Exhibit(A).

In **United States V. Brady**, 928 F.2d 844, 851 (9th Cir. 1991), held "we would pervert our legal system of justice if we allowed a defendant to suffer punishment for a crime charged for which he or she were acquitted."

5

## CONCLUSION OF LAW

**Therefore,** the Petitioner should be re-sentence and his criminal history should be re-calculated according to the U.S.S.G. and for such other and further relief as this honorable court may deem just and proper.

## CERTIFICATE OF SERVICE

**I, Thomas Frazier,** declare that I have served a true and exact copy of Motion Pursuant to 28 USC § 2255 upon the Assistannt US Attorney HEIDI E. BRIEGER, and upon the United States District Clerk Office, on this, **1st** day of April 2004 Certified mail.

Respectfully submitted,

Thomas Frazier,
#80075-038
FCI-RAYBROOK
P.O. Box 9002
RAYBROOK, NY 12977

EXHIBIT(A)



*Committee for Public Counsel Services*
*Public Counsel Division*
*Trial Unit*
*340 Main Street, Suite 724, Worcester, MA 01608*

MICHAEL S. HUSSEY
ATTORNEY IN CHARGE

TEL: (508) 791-9288
FAX: (508) 753-7662

October 3, 2003

Thomas Frasier
F.C.I. – Raybrook
Box 9002
Ray Brook, NY  12977

Dear Mr. Frasier:

    On September 25, 2003, Judge Snider dismissed your Dudley District Court matters for lack of prosecution. The complainant did not wish to testify.

    Enclosed is a certified copy of the Court's decision. Look on page one, under "DISPOSITION DATE and JUDGE," as well as "SENTENCE or OTHER DISPOSITION."

    Congratulations and I hope this helps your status on the Federal level.

                                  Very truly yours,

                                  Wendy S. Perkins
                                  Attorney at Law

WSP/jmt

Encs.

**NAME, ADDRESS:** FRASIER, THOMAS
5 ALLEN ST
WORCESTER, MA

**DEFT DOB AND SEX:** 02/28/1976   M
**DATE OF OFFENSE(S):** 05/18/1997
**PLACE OF OFFENSE(S):** OXFORD
**POLICE DEPARTMENT (if applicable):** OXFORD PD
**COMPLAINANT:**
**DATE OF COMPLAINT:** 06/05/1997
**RETURN DATE AND TIME:** 7-2-97  8:30 A

Held (276 §58A)
See back for special conditions
Arraigned and advised:
☒ Potential of bail revocation (276 §58)
☒ Right to bail review (276 §58)
☒ Right to drug exam (111E §10)
Advised of right to jury trial:
☐ Does not waive
☒ Waiver of jury trial found after colloquy
Advised of trial rights as pro se (Supp. R. 4)
Advised of right of appeal to Appeals Ct (R. 28)

FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVED

---

**COUNT/OFFENSE:** 1. 265/13A/B A&B c265 §13A
**DISPOSITION DATE and JUDGE:** 8/28/97  MJR
**DISPOSITION METHOD:**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above
**FINDING:**
☐ Not Guilty
☒ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause
**SENTENCE OR OTHER DISPOSITION:**
Sufficient facts found but continued without guilty finding until:
☐ Probation        ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon:  ☐ Request of Comm.   ☐ Request of Victim
                   ☐ Request of Deft     ☐ Failure to prosecute   ☐ Other:
                   ☐ Filed with Deft's consent   ☐ Nolle Prosequi   ☐ Decriminalized (277 §70C)
**FINAL DISPOSITION:**
☒ Dismissed on recommendation of Probation Dept. DEC __ 1999
☒ Probation terminated: defendant discharged
*as unsuccessful*

HOC 1 YR / FC 30 DAYS
where balance
1 yr credit 30 days
Engelman
eval Devs
drug stay away
proh fee w/s
1st 2 months
8.25.97 Stay away
vacated

FINE | SURFINE | COSTS | RESTITUTION ☒ WAIVED | V/W ASSESSMENT

---

**COUNT/OFFENSE:**
**DISPOSITION DATE and JUDGE:**
**DISPOSITION METHOD:**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above
**FINDING:**
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause
**SENTENCE OR OTHER DISPOSITION:**
(blank)
**FINAL DISPOSITION:**
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

---

**COUNT/OFFENSE:**
**DISPOSITION DATE and JUDGE:** SEP 25 2003  Austin
**DISPOSITION METHOD:**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above
**FINDING:**
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause
**SENTENCE OR OTHER DISPOSITION:**
☒ Dismissed upon:  ☒ Request of Comm.   ☒ Request of Victim
                   ☒ Request of Deft     ☐ Failure to prosecute   ☐ Other:
                   ☐ Filed with Deft's consent   ☐ Nolle Prosequi   ☐ Decriminalized (277 §70C)

*motion allowed on 7-24-03 for new trial*

---

**COUNT/OFFENSE:**
**DISPOSITION DATE and JUDGE:**
**DISPOSITION METHOD:**
(blank)
**FINDING:**
(blank)

---

**COURT ADDRESS:** Dudley District Court
West Main Street
P.O. Box 100
Dudley, MA 01571

**A true copy attest:**
Sig. _____
Clerk

| SCHEDULED DATE | SCHEDULED | RESULT | | |
|---|---|---|---|---|
| 7.2.97 | arr/war | ☐ Held ☐ Cont'd | | |
| 8-19-97 | PT | ☐ Held ☐ Cont'd | | |
| 8-28-97 | etc | ☒ Held ☐ Cont'd | D/W (def's pres waived) - (Recall) | |
| 10-15-97 | VOP | ☐ Held ☐ Cont'd | | |
| 9-3-03 | f+H | ☐ Held ☒ Cont'd | | |
| 6 | | ☐ Held ☐ Cont'd | | |
| 7 | | ☐ Held ☐ Cont'd | | |
| 8 | | ☐ Held ☐ Cont'd | | |
| 9 | | ☐ Held ☐ Cont'd | | |
| 10 | | ☐ Held ☐ Cont'd | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

### OTHER DOCKET ENTRIES

| ENTRY DATE | |
|---|---|
| 7-10-97 | warrant issued |
| 7-11-97 | warr recalled |
| 10-6-97 | Notice of VOP filed for 10/15 |
| DEC 2 1 1999 | Judge Virzi term as unsuccessful. Public (aucd) Apt'd C- |
| 6-1-03 | Status c. 7-24-03 status re: DA's recomm |
| 7-8-03 | (defend in Raybrook Feder. Prison, NY), Snider, J |
| JUL 2 4 2003 | Motion for new trial - allowed, Snider, J |

### ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ☐ WAI |
|---|---|---|---|---|
| 7-11-97 MHR | Legal Counsel Fee (211D §2A ¶2) | 100 | Remit | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | A true copy attest: | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | Sig. _____ Clerk | |