UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS FRAZIER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 40048-NMG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO
TITLE 28, UNITED STATES CODE, SECTION 2255

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts and Assistant U.S. Attorney Heidi E. Brieger, hereby responds to Petitioner Thomas Frazier's ("Frazier") Motion To Vacate, Set Aside, Or Correct Sentence Pursuant to Title 28, United States Code, Section 2255. By this Petition, Frazier requests that this Court resentence him because he has vacated a state conviction that formed the basis of his Criminal History Calculation under the Sentencing Guidelines.

**Pertinent Background**

*The First Sentence.* Frazier was originally indicted on September 18, 1997. The Indictment charged Frazier and five others with federal drug crimes in violation of Title 21, United States Code, Sections 846 and 841(a)(1). On May 10, 1999,

Frazier pled guilty to Count Six of the Indictment before this Court. This Court concluded that Frazier's Base Offense Level was 29 and his Criminal History Category was VI. Pursuant to the career offender provisions of U.S.S.G. § 4B1.1, the offense level was determined by the offense statutory maximum, in this instance 20 years, which corresponded to Offense Level 32. After subtracting three points for Frazier's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, Frazier's Total Offense Level was 29. Accordingly, the applicable GSR was 151 to 188 months. On July 26, 1999, this Court imposed a 151-month term of incarceration, followed by a 36-month term of supervised release.

*The First Appeal.* Frazier appealed his sentence on the ground that he was erroneously classified as a Career Offender. The government agreed, and filed a Petition To Remand in the Court of Appeals, which was allowed by Order of the First Circuit on November 9, 2001.

*The Second Sentence.* At resentencing on May 27, 2002, this Court recalculated Frazier's criminal history, removing him from the Career Offender classification. He was resentenced to a 138-month term of incarceration, followed by a three year term of supervised release.

*The Second Appeal.* Frazier appealed his second sentence on the ground that the government breached the parties' plea agreement in its Motion For Remand filed in the Court of Appeals.

The First Circuit rejected the appeal, and found no error in the sentence. United States v. Frazier, 340 F.3d 5 (1st Cir. 2003)(no breach by government in motion for remand where it notified appeals court of district court's authority to depart upwards despite promise in plea not to advocate upward departure), cert. denied, 124 S.Ct. 924 (Dec. 15, 2003).

*The Instant Petition.*

After Frazier's resentencing on May 27, 2002, the Dudley District Court on July 24, 2003, allowed Frazier's motion for new trial filed in the matter of Commonwealth v. Frazier, Docket Number 9764CR001735. The Commonwealth then declined to reprosecute the case, resulting in a dismissal of the matter on September 25, 2003. (A copy of the docket sheet in that matter is attached hereto as Exhibit 1). The conviction that was dismissed had been counted as a criminal history point in ¶ 39 of Frazier's PSR, and thus formed the basis of his CHC for the resentencing.

Frazier now claims that the fact that his previous state conviction was vacated means that this Court must direct the United States Probation Department to recalculate his criminal history points, and that this Court should resentence him accordingly.

## Legal Standards.

*The Petition Is Timely Filed.* Frazier's petition is timely filed because the Supreme Court denied his Petition For Writ of

Certiorari on December 15, 2003, and this Petition was filed within one year, on April 5, 2004. See <u>United States v. Frazier</u>, 340 F.3d 5 (1st Cir. 2003), <u>cert</u> <u>denied</u>, 124 S.Ct. 924 (12/15/03); 28 U.S.C. § 2255(4).

***The Caselaw.***

Frazier argues that the decision in <u>United States v. Pettiford</u>, 101 F.3d. 199, 201 (1996)(once a defendant succeeds in vacating underlying state court convictions, the ACCA is no longer applicable to the defendant's federal sentencing computation and he is entitled to be re-sentenced) mandates that this Court resentence him. But the court's decision in <u>Pettiford</u> did not extend to computations under the United States Sentencing Guidelines, and the Court of Appeals has specifically refrained from extending its holding in <u>Pettiford</u> to the Guidelines. <u>United States v. Brackett</u>, 270 F.3d 60 (1st Cir. 2001).

In <u>Brackett</u>, the court affirmed the district court's denial of the petitioner's Section 2255 petition based on a post-sentence vacation of a predicate conviction by finding the petition to be untimely. <u>Id</u>. at 68 ("We hold that the operative date under Section 2255(4) is not the date the state conviction was vacated, but rather the date on which the defendant learned, or with due diligence should have learned, the facts supporting his claim to vacate the states conviction.")

In its appellate brief in <u>Brackett</u>, the government argued that the petitioner's claim was not cognizable under Section

2255. The Court avoided that argument in a footnote:

> We do not decide this issue. First, this issue was not raised below. Indeed, the district court dismissed Brackett's petition without providing the government an opportunity to respond. The issue is outside the scope of the certificate of appealability, and cannot be reviewed by this Court. Second, in United States v. Tucker, 404 U.S. 443 (1972), the Supreme Court allowed te use of Section 2255 to attack a sentence and remanded for reconsideration of the sentence when the federal sentence took into account state convictions which violated the 6th amendment right to counsel. The government made a similar argument in United States v. Pettiford, 101 F.3d 199, 201 (1st Cir. 1996), where it tried to "limit the availability of Section 2255." We rejected this argument that time and held that "whether on constitutional or grounds otherwise subject to collateral attack, we concur with the district court's recognition of federal habeas jurisdiction."

Brackett, 270 F.3d at 64, n.1 (citations omitted).

***Collateral relief under Section 2255 is extraordinary and is limited to constitutional or jurisdictional errors or errors amounting to a miscarriage of justice.***

Recognizing that Section 2255 is limited to constitutional or jurisdictional errors, and those errors of law presenting exceptional circumstances which uncorrected would cause a complete miscarriage of justice, the First Circuit in Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) restricted the application of Section 2255 to those claims presenting a "fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." Frazier's claim concerning his continued status in a Criminal History Category mandated at the time of his sentencing does not meet the standard for Section 2255 relief discussed in Knight.

### *There is nothing in the guidelines themselves that prohibits Frazier's CHC status.*

The guidelines permit retroactive adjustment of sentences based on certain post-sentencing events. U.S.S.G. § 1B1.10. Despite the guidelines' recognition that some post-sentence events should require resentencing, nothing in the guidelines suggests that a sentence that was valid at the time it was entered is rendered unlawful under the guidelines by subsequent invalidation of a state court conviction or invalidation or alteration of some other aspect of the defendant's CHC score. In contrast, 18 U.S.C. § 3559(c)(7)(the "three-strikes" statute), specifically authorizes the resentencing of a "three-strikes" defendant when a predicate conviction has been set aside for specified reasons. The Sentencing Commission's decision not to provide a similar mechanism for resentencing when a prior conviction or other material fact upon which a defendant's CHC was based is set aside or altered should be dispositive.

### *Pettiford does not require a different result.*

As noted earlier, Pettiford involved a matter of statutory interpretation. Important, too, is that in Pettiford, the enhancing convictions had the effect of changing the statutory maximum for the offense of conviction from ten years to life impresionment. Pettiford's sentence was thus in excess of the correct statutory maximum (a "miscarriage of justice"). Frazier, on the other hand, received a guidelines sentence within the

statutory maximums for his offenses.[1]

### *The Parties' Plea Agreement Permits The Government To Seek An Upward Departure Where The Defendant Vacates a State Conviction.*

In this case, the parties' plea agreement contemplated the issue facing the Court. In Paragraph 4 of the plea agreement, the U.S. Attorney reserved the right to seek an upward adjustment:

> The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state convictions be vacated subsequent to the execution of this Agreement.

Accordingly, should this Court determine that Frazier's sentence should be reevaluated pursuant to 28 U.S.C. § 2255, then the government shall respectfully argue for, and fully brief the reasons for, an upward adjustment pursuant to U.S.S.G. § 4A1.3.

For all the reasons set forth above, the government respectfully requests that this Court deny Frazier's Petition in

---

[1] Two District Courts disagree. In United States v. Candelaria, 247 F.Supp 2d 125, 133 (D. RI. 2003), Judge Laguieux extended the holding in Pettiford to the Sentencing Guidelines, as did the court in United States v. Mateo, 276 F.Supp 2d 186,194-195 (D. Mass. 2003).

its entirety.

                                      Respectfully submitted,

                                      MICHAEL SULLIVAN
                                      United States Attorney

                By: /s/ Heidi E. Brieger
                              HEIDI E. BRIEGER
                              Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

Suffolk, ss.                            Boston, Massachusetts
                                          July 29, 2004

    I, Heidi E. Brieger, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing Government's Response To Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence, to Thomas Frazier, #80075-038, FCI Raybrook, P.O. Box 9002, Raybrook, NY 12977.

                                            /s/ Heidi E. Brieger
                                            HEIDI E. BRIEGER
                                            Assistant U.S. Attorney

# CRIMINAL DOCKET

**DOCKET NO.** 9764CR001735
**ATTORNEY NAME:** Bowed

**COURT DIVISION:** Dudley
☐ INTERPRETER REQUIRED

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT**
FRASIER, THOMAS
5 ALLEN ST
WORCESTER, MA

**DEFT. DOB AND SEX:** 02/28/1976  M

**DATE OF OFFENSE(S):** 05/18/1997
**PLACE OF OFFENSE(S):** OXFORD

**COMPLAINANT:**
**POLICE DEPARTMENT (if applicable):** OXFORD PD

**DATE OF COMPLAINT:** 06/05/1997
**RETURN DATE AND TIME:** 7-2-97 8:30 A

**COUNT/OFFENSE**
1. 265/13A/B  A&B c265 §13A

**DATE and JUDGE:** 7-11-97 Gcenty

**DOCKET ENTRY:**
- ☐ Attorney appointed (SJC R. 3:10)
- ☐ Atty denied and Deft Advised per 211D §2A
- ☐ Waiver of counsel found after colloquy
- Terms of release set:
  - ☒ PR  ☐ Bail
  - ☐ Held (276 §58A)
  - ☐ See back for special conditions
- Arraigned and advised:
  - ☐ Potential of bail revocation (276 §58)
  - ☐ Right to bail review (276 §58)
  - ☐ Right to drug exam (111E §10)
- Advised of right to jury trial:
  - ☐ Does not waive
  - ☐ Waiver of jury trial found after colloquy
- ☐ Advised of trial rights as pro se (Supp. R. 4)
- ☐ Advised of right of appeal to Appeals Ct (R. 28)

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☒ WAIVED |

**DISPOSITION DATE and JUDGE:** 8/28/97 MJR

**SENTENCE OR OTHER DISPOSITION:**
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation    ☐ Pretrial Probation (276 §87) - until:
- ☐ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
  - ☐ Request of Deft  ☐ Failure to prosecute  ☐ Other:
- ☐ Filed with Deft's consent  ☒ Nolle Prosequi  ☐ Decriminalized (277 §70C)

**DISPOSITION METHOD:**
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

**FINDING:**
- ☐ Not Guilty
- ☒ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

**FINAL DISPOSITION:**
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated: defendant discharged  DEC 21 1999

Handwritten: HOC 30 days, where balance, w/ credit 30 days, Grossman, as unlawful

**JUDGE:** Druy  **DATE:**

**COUNT/OFFENSE**

**DISPOSITION DATE and JUDGE:**

**SENTENCE OR OTHER DISPOSITION:** (same options as above)

Handwritten: Prob fee w/ 15 & 2 months, 8.25.97 stay away, vacated

**DISPOSITION DATE and JUDGE:** SEP 25 2003  Smith

**SENTENCE OR OTHER DISPOSITION:**
- ☒ Dismissed upon: ☒ Request of Comm. ☒ Request of Victim
  - ☒ Request of Deft

Handwritten: *motion allowed on 7-24-03 for new trial

**DISPOSITION METHOD:** (same options)
**FINDING:** (same options)
**FINAL DISPOSITION:** (same options)

**COURT ADDRESS:**
Dudley District Court
West Main Street
P.O. Box 100

A TRUE COPY, MA 01571
CLERK-MAGISTRATE/ASST. CLERK
ON (DATE):

GLASIER, THOMAS

## SCHEDULING HISTORY

| # | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|
| 1 | 7.2.97 | arr war | ☐ Held | ☐ Cont'd | | | | |
| 2 | 8-19-97 | P.T. ✓ | ☐ Held | ☐ Cont'd | | | | |
| 3 | 8.28.97 | PTC | ☐ Held | ☐ Cont'd | | | | |
| 4 | 10-15-97 | VOP | ☒ Held | ☐ Cont'd | D/W (Recall) | | | |
| 5 | 9-3-03 | PTH | (def o pres waived) | ☐ Cont'd | | | | |
| 6 | | | ☐ Held | ☒ Cont'd | | | | |
| 7 | | | ☐ Held | ☐ Cont'd | | | | |
| 8 | | | ☐ Held | ☐ Cont'd | | | | |
| 9 | | | ☐ Held | ☐ Cont'd | | | | |
| 10 | | | ☐ Held | ☐ Cont'd | | | | |

ARR=Arraignment PT=Pretrial hearing CE=Discovery compliance and jury selection T=Bench trial J=Jury Trial PC=Probable cause hearing M=Motion hearing SR=Status review SRP=Status review of payments FA=First appearance in jury session S=Sentencing CW=Continuance-without-finding scheduled to terminate P=Probation scheduled to terminate DFTA=Defendant failed to appear and was defaulted WAR=Warrant issued WARD=Default warrant issued WR=Warrant or default warrant recalled PR=Probation revocation hearing

### OTHER DOCKET ENTRIES

| ENTRY DATE | |
|---|---|
| 7-10-97 | warrant issued |
| 7.11.97 | warr recalled |
| 10-6-97 | Notice of VOP filed for 10/15 |
| DEC 21 1999 | Judge Ving term as unsuccessful |
| 6-1-03 | Public Couns' Appt'd |
| 7-8-03 | Status c. 7-24-03 status re: DA's recomm. (defend in Raybrook Feder Prison, NY), Snider, J |
| JUL 2 4 2003 | Motion for new trial - allowed, Snider, J |

### ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓ WAIVED |
|---|---|---|---|---|
| 7-11-97 MHR | Legal Counsel Fee (211D §2A ¶2) | 100 | Remit | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24(1)(a)[1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

| DATE | DOCKET ENTRIES |
|---|---|
| SEP 0 3 2003 | C. 9-25-03 status re: trial (reg foam w/ def's obj - waive def's pres), Saider (J) |