UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAWS FRAZIER,
    Petitioner

v.

UNITED STATES OF AMERICA
        Respondent

Civil Action No. #40048-NMG

### PETITIONER'S TRAVERSE RESPONSE TO GOVERNMENT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255

COMES NOW, Petitioner, Thomas Frazier, in the above cause motion with meritorious reasons why his motion to vacate, Set Aside, or Correct Sentence Pursuant to Title 28, United States Code, section 2255 which are timely filed should be granted.

By this petition, the Petitioner requests that this court re-sentence him do to the fact that this State Conviction gave him gave him (5) criminal history points, in which the court noted that the two assault and battery charges described in paragraph (39), of the **PSI-Report**, were treated as one incident for purposes of his criminal history calculation, in which cause the Petitioner (5), extra criminal history points at the time the U.S. Probation Department prepared the **PSI-Report**.

#### PLEASE TAKE NOTICE

On September 25, 2003 Judge Snider, State Judge dismissed the Petitioner Dudley District Court matters for lack of prosecution that are outlined in paragraph (39), Docket No.#97-cr40028-002.

1

See Exhibit(A).

Under the guidelines, an expunge or dismissor of a conviction by the court may not be included in a defendant's criminal history for re-calculation. U.S.S.G. § 4A1.2(j).

A prisoner in custody under sentence of a court establish by act of Congress claiming the right to be released upon the grounds in part(4), is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. Notwithstanding a United States Supreme Court determination that a enhanced sentence by collaterally attacking the state convictions in the federal sentencing proceeding, the accused, who, for purposes of the state convictions, is still in custody at the time of the federal sentencing proceedings, may attack the state sentence in the state or through federal habeas review if the accused is successful in attacking the state sentence, the accused may then apply for re-opening of any federal sentence enhanced on the basis of the state sentences. See **Custis v. United States**, 128 L. Ed 2d 517, (1994). Page 520.

Since Custis was decided in 1994, seven other circuits, all that have considered the issue, have also held, or indicated without expressly deciding, that pursuant to federal habeas corpus, a district court may re-open and reduce a federal sentence, once a federal defendant has, in state court, successfully attacked a prior state conviction, previously used in enhancing the federal sentence. See **Mateo v. U.S.**, Cite as 276 Supp. 2d 186 (D. Mass 2003).

The total of criminal history points is (8). Defendant Frazier are requesting this Honorable Court to order the probation Department to re-calculate his criminal history points from 8 to 3 in which time this court seem just and proper.

In **United States v. Payne,** Cite as 894 F. Supp. 534 (D. Mass. 1995), the court acknowledges that an individual still in custody for a state conviction relied upon for enhancement may attack that conviction through state or federal habeas review and, if successfull, "may ... apply for re-opening any federal sentence enhanced by the state sentence."

A Petitioner is entitled to habeas corpus relief if unconstitutional trial error is found to have had a substantial and injurious effect or influence and resulted in actual prejudice towards the Petitioner. See **Harris by and through Ramseyer v. Blodgett,** supra, quoting **Brecht v. Abrahamson,** 113 S.Ct. 1710, 1712, 123 L. Ed. 2d 353, 373 quoting **U.S. v. Lane,** 474 US 438, 449, 106 S. Ct. 725, 732, 88 L. Ed 2d 814.

**The 14th Amendment to the Constitution:**
"Nor shall any state deprive any
person of life, liberty, or Property
without (Due Process of law)"
Nor deny any person within its
jurisdiction the equal protection
of the law."

Also, the Petitioner would like to make known to the court that the U.S. Attorney who are assign to this proceeding has ask the court for several extension in which the court granted in this matter and when she did responded to may motion to vacate, set aside, or correct sentence she did not even attempt to serve me a copy of her response, in which I am a partie in this proceeding.

The Petitioner after not getting a response from the U.S. Attoney, the Petitioner had to my arrangements with his unite team to call the U.S. District Clerk Office and spoke with Sherry Jones, to find out had the U.S. Attorney responed to his motion to vacate, set aside, or correct sentence and she check the computer and stated to me yes a response had been made by the U.S. Attorney, and ask me

3

did the U.S. Attorney send me a copy of her response, and I answer no, because there is nothing on the record here at FCI-RAYBROOK, that would reflect that she have sent me a copy of here response, which was over due. And in her response, are in error because it is out of time, and the only way the she can apply an upward departure pursuant to U.S.S.G. § 4A1.3 to may case is that I have to meet a sudden categories in order for her to seek an upward departure pursuant to U.S.S.G. § 4A1.3 concerning re-sentencing of the assault and battery charge that was dismiss on September 25, 2003, by the State Judge, Snider in the Dudley District Court for matters for lack of prosecution, which are outlined in paragraph (39), Docket No. #97-cr-40028-002. See Exhibit(A).

The provision in the 5th and 14th Amendments, are universal their application to all persons within the territorial jurisdiction, without regard to any differences of race, color, nationality, and though the law itself be fair on its face and impartial in appearance, if it is applied and administrered by public authority with an evil-eye and unequal-hand, so as practically to make unjust and illegal discriminations in the process and application of the law between people, material to their rights, the denial of equal-justice is still within the prohibition of the (Constitution).

Any kind of artifice employed by one person to deceive another a generic term, embracing all multifarious means which human imgenuit can devise, and which are resorted to by ine individual to get anothe to get advantage over another by false suggestions by suppression of truth, and includes all surprises, tricks, cunning, disemblings, and ubfair ways by which another is cheated.

4

Fraud vitiates the justice vitality and destroys the legal validity of everything it enter. It affects even the most solem judgement and decress. See <u>Ira **Nudd v. George Burrows**</u>, 91 U.S. 426 at 440.

## CONCLUSION OF LAW

The Petitioner request this Honorable Court to order a Writ being the Petitioner back in-front of the sentence judge to re-sentence at which time the court may deem just and proper and deny the goverments response.

## CERTIFICATE OF SERVICE

I, Thomas Frazier, Petitionerin the above, in Pro-se do hereby declare under the penalty of perjury in accordance to **Title 28 U.S.C Section 1746**, that I have served upon the U.S. Clerk of Court, as well as to the U.S. Attorney Office, Heide, E. Brieger, on this 18 day of August 2004 Certified mail.

Respectfully submitted,

Thomas Frazier, Pro-se
#80075-038
FCI-RAYBROOK
P.O. Box 9002
RAYBROOK, NY 12977

5