United States District Court
District of Massachusetts

```
_____
                              )
THOMAS FRAZIER,               )
                              )
        Petitioner,           )
                              )   Civil Action No.
        v.                    )   04-40048-NMG
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

Petitioner Thomas Frazier, proceeding pro se, brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that a state court conviction that this Court considered when imposing his federal sentence has been vacated. For the reasons set forth below, the petition will be dismissed.

Petitioner was indicted in 1997, along with five codefendants, for federal drug crimes. On May 10, 1999, he pled guilty to one count of that indictment, which alleged that in July, 1997, he possessed with intent to distribute and distributed cocaine base in violation of 21 U.S.C. § 841(a)(1). The other charges against petitioner were dropped.

This Court sentenced petitioner on November 23, 1999. It

-1-

concluded that he was a "career offender" and, based upon the career offender provisions of U.S.S.G. § 4B1.1, sentenced him to 151 months of incarceration. Petitioner appealed his sentence on the ground that he was erroneously classified as a career offender. In response, the government filed a motion to remand the case for resentencing, conceding that he should not have been considered a career offender. On November 9, 2001, the First Circuit Court of Appeals remanded the case to this Court for resentencing.

On May 27, 2002, this Court held a second sentencing hearing. In calculating petitioner's criminal history, the Court considered several state court convictions. In Dudley District Court Docket No. 9764CR1735A, Frazier pled guilty to committing assault and battery on May 18, 1997 ("the May, 1997 assault"), and in Dudley District Court Docket No. 9764CR2386A&B he pled guilty to committing assault and battery on July 29, 1997 ("the July, 1997 assault"). On August 28, 1997, the state court sentenced petitioner on both of those charges ("the 1997 assaults"). Pursuant to U.S.S.C. § 4A1.1(b), two criminal history points were awarded for that sentence. Petitioner was also assigned three criminal history points for a 1995 conviction and three additional points because he had committed the offense in question while under a criminal justice sentence for the 1995 conviction and less than two years following his release from

custody for the 1995 conviction.  The Court concluded that petitioner had a total of eight criminal history points, which put him in Criminal History Category IV.

Based on the applicable total offense level of 27 and a Criminal History Category of IV, the applicable guideline range was 100 to 125 months of imprisonment.  However, the Court departed upward pursuant to U.S.S.C. § 4A1.3 and sentenced petitioner to 138 months of imprisonment.  The Court found that petitioner's criminal history category significantly under-represented the seriousness of his criminal history and the likelihood that he would commit further crimes and that other aspects of petitioner's crime warranted a harsher sentence.  In the Statement of Reasons, the Court stated that the seriousness of petitioner's criminal history and the likelihood that he would reoffend were demonstrated by, "among other things," the facts that

> 1) he committed two separate assaults and batteries in... 1997 for which he was sentenced together and received two rather than three criminal history points and a light sentence; 2) in connection with his 1995 drug conviction, he was involved with firearms, and 3) after his arrest in July, 1997 for [the] two assaults, he threatened to kill the victim, tried to persuade her to drop the charges and even threatened the arresting officer.

The Court found that Criminal History Category V better reflected petitioner's criminal history.  The guideline range for that Criminal History Category was 120 to 150 months and the Court, therefore, sentenced petitioner to 138 months in prison.

-3-

Petitioner again appealed his sentence, but his second appeal was unsuccessful. On August 18, 2003, the First Circuit Court of Appeals held that the upward departure was warranted and that the sentence was not otherwise subject to attack. United States v. Frazier, 340 F.3d 5 (1st Cir. 2003). Reviewing the departure de novo, the court found that

> the upward departure was permissible and warranted . . . largely for the reasons articulated by the district court at sentencing. . . . We also conclude that the degree of departure was amply justified by the facts.

Id. at 14. The First Circuit noted factual findings made by the district court at sentencing, including:

- that when Frazier was arrested in 1995 on drug charges, he was found in possession of three firearms and fifteen rounds of ammunition for which he was not charged;
- that he had committed two "very serious" separate assaults and batteries on a female friend for which he received only one sentence;
- while in custody for one of his assaults, he threatened to kill the victim if the charges were not dropped;
- when he was served with a restraining order, he told the police officer that he was going to "fuck[ ] up" the complainant and that the serving officer had "better be careful" when he was out on the street.

Id. at 13-14 (alteration in original). The court further observed that at the second sentencing hearing, the district court "noted Frazier was never charged in connection with weapons he possessed at the time of his arrest" and that the case presented a

> very serious matter where we have not only involved a possession of a controlled substance with intent to distribute[,] but firearms, lots of ammunition, and fingerprints of the defendant on the firearm[s].

Id. at 14 n.5 (alterations in original). The First Circuit concluded that upward departure was appropriate.

Meanwhile, petitioner moved for a new trial for the May, 1997 assault. On July 24, 2003, the presiding judge of the Dudley District Court allowed that motion and on September 25, 2003, the matter was dismissed for lack of prosecution because the complainant did not wish to testify.

On April 5, 2004, Frazier filed the instant petition. He argues that the because one of his state court convictions was overturned, he is entitled to a third sentencing hearing by virtue of 28 U.S.C. § 2255 and that he should be resentenced with his criminal history points reduced from eight to three.

### III. Discussion

The governing statute provides that federal prisoners may move to have their sentences vacated, set aside or corrected if they claim

> that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

18 U.S.C. § 2255. Petitioner has not alleged a constitutional error or lack of jurisdiction. Thus, his claims may only be brought under § 2255 if they allege that the sentence was 1) imposed in violation of federal law, 2) in excess of the legal maximum or 3) otherwise subject to collateral attack.

-5-

Courts have narrowly defined the scope and availability of § 2255 claims that do not allege constitutional or jurisdictional errors. Such claims may be brought

> only if the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure."

Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (quoting Hill v. United States, 368 U.S. 424, 429 (1962)).

The government argues that the invalidation of a state court conviction does not entitle a defendant to resentencing under the sentencing guidelines. Its argument is unconvincing and contrary to the holdings of other circuit courts as well as district courts in this circuit. See United States v. Mateo, 276 F.Supp.2d 186, 192 (D. Mass. 2003) ("a federal sentence enhanced based on a defendant's state record can be collaterally challenged when a state court modifies or invalidates the aspect of the state record that resulted in an enhanced federal sentence"); Candelaria v. United States, 247 F.Supp.2d 125, 132-134 (D.R.I. 2003) (holding that defendant is entitled to resentencing if a state conviction that resulted in an enhancement under the sentencing guidelines is vacated) and cases cited therein.

It is unclear from the petition, which is oftentimes incomprehensible, why petitioner believes the vacating of one of his convictions would warrant a five-point reduction in his

-6-

criminal history points. Petitioner has offered no evidence or argument that his 1995 conviction, which gave rise to six criminal history points, has been overturned or changed in any way. Furthermore, he has not suggested that his conviction for the July, 1997 assault, as a result of which he received an additional two criminal history points, has been overturned, nor has he suggested that the sentence imposed for the 1997 assaults would have been reduced had he been convicted of only one of those assaults.

The assignment of the two criminal history points for the 1997 convictions was determined by the length of the sentence imposed for those convictions, U.S.S.G. § 4A1.1(b), not the number of convictions to which the sentence related. Therefore, the invalidation of petitioner's conviction for the May, 1997 assault affects neither the imposition of two criminal history points for that sentence nor his total criminal history score. Petitioner has not alleged any facts to support his contention that his sentence should be based on fewer than eight criminal history points.

Even if the overturning of petitioner's May, 1997 assault conviction entitled him to a reduction in criminal history points, however, his second sentence, which was the result of an upward departure, would not be: 1) in violation of federal law, 2) in excess of the legal maximum or 3) otherwise subject to

-7-

collateral attack. The sentencing Court departed upward based on many factors and although one factor (that petitioner received only two criminal history points and a relatively light sentence for the 1997 assaults) is implicated by the vacating of petitioner's conviction for the May, 1997 assault, numerous other factors are not. Because the other factors are sufficient to justify an upward departure, petitioner's second sentence is within legal limits, appropriate and well within the discretion of the sentencing judge, based upon all of the circumstances in this case. Petitioner is not, therefore, entitled to have his sentence vacated, set aside or corrected pursuant to 18 U.S.C. § 2255.

### ORDER

In accordance with the foregoing memorandum, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

**So ordered.**

      /s/ Nathaniel M. Gorton
    Nathaniel M. Gorton
    United States District Judge

Dated: February 1, 2005