```
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____
                                    :
THOMAS FRAZIER,                     :
        Petitioner,                 :  Civil Action: 04-40048-NMG
                                    :
     - against -                    :  BRIEF IN SUPPORT FOR THE ISSUANCE
                                    :  OF A CERTIFICATE OF APPEALABILITY
UNITED STATES OF AMERICA,            :
        Respondent,                 :
                                    :
_____
```

COMES NOW, Thomas Frazier, the petitioner in the above entitled matter, hereby submits this brief in support of the request for the Issuance of a Certificate of Appealability, pursuant to 28 U.S.C. § 2253. The petitioner's request for the issuance of a Certificate concerns the "new facts" presented to this Court, subsequent to the issuance of the February 1, 2005 Order, denying the petitioner habeas corpus relief. Specifically, the petitioner asserts that:

(1) Jurists of reason could debate that the petitioner's recent invalidation of <u>two</u> prior State convictions require a remand for resentencing pursuant to the holding of the First Circuit in <u>United States</u> v. <u>Mateo III</u>, 398 F.3d 126 (1st Cir. 2005); holding that, "[t]he State court's vacation and filing of the prior state conviction on the ground stated rendered Mateo's federal sentence subject to correction under § 2255 insofar as it was enhanced by the state conviction."

<u>Basis For Relief, Newly Filed Vacation of Prior Conviction</u>

To be cognizable under §2255, a non-constitutional claim of legal error must amount to a "fundamental defect which inherently results in a complete miscarriage of justice." <u>Hill</u> v. <u>United States</u>,

368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); ses also Knight v. United States, 37 F.3d 769, 773-74 (1st Cir. 1994).

Here, as the District Court certainly agreed at Page 6 of the Decision and Order, "[a] federal sentence enhanced based on a defendant's state record can be collaterally challenged when a state court modifies or invalidates the aspect of the state record that resulted in an enhanced federal sentence.", relying on Mateo I, 276 F.Supp.2d 186 (D.Mass.2003); and Candelaria v. United States, 247 F.Supp.2d 125, 132 (D.R.I. 2003) (holding that defendant is entitled to resentencing if a state conviction that resulted in an enhancement under the sentencing guidelines is vacated) (collecting cases) (See Decision at Page 6)

Original Sentencing Proceedings

On November 23, 1999, pursuant to the petitioner's guilty plea in the United States District Court, (Massachusetts) sentenced petitioner, to a term of 151 months of imprisonment, finding that the petitioner was a "career offender" pursuant to USSG § 4B1.1; based in part, on two prior State Court violent convictions, within the Dudley District Court in Massachusetts under Docket Numbers 9764CR1735A, to which the petitioner pled guilty to this May, 1997 assault; and 9764CR2386A&B, to which he pled guilty to committing this offense committed on July 29, 1997.[1]

---

[1] In Dudley District Court, under Dkt. No. 9764CR1735A, Frazier pled guilty to committing assault and battery on May 18, 1997 ("the May, 1997 assault"), and in Dudley District Court Dkt. No. 9764CR2386A&B he pled guilty to committing assault and battery on July 29, 1997 ("the July, 1997 assault").

On August 28, 1997, in the Dudley District Court, the court snetenced him on both of those charges ("the July, 1997 assault, and May, 1997 assault"). Pursuant to USSG § 4A1.1(b), the Federal Pre-sentence Report added two criminal history points for that prior state court conviction.

The petitioner was also assessed three criminal history points for a 1995 conviction and three additional criminal history points because he had committed the instant Federal offense while under a criminal justice sentence for the 1995 conviction and less than two years following his release from custody for the 1995 conviction. The District Court concluded thatbased upon the petitioner's prior convictions. his criminal history category was IV.

The Court however concluded that the petitioner's Criminal History underrepresented the seriousness of his criminal history and the likelihood that he would commit further crimes and that other aspects of petitioner's crimes warranted a harsher sentence. (Decision at Page 3) In the Court's statement, the Court found:

> "(1) he committed two separate assaults and batteries in... 1997 for which he was sentenced together and received two rather than three criminal history points and a light sentence; (2) in connection with his 1995 drug conviction, he was involved with firearms, and (3) after his arrest in July, 1997 for the two assaults, he threatened to kill the victim, tried to persuade her to drop the charges and even threatened the arresting officer."

The Court found that Criminal History V better reflected petitioner's criminal history. The Court sentenced the petitioner to a term of 138 months of imprisonment.

The petitioner, for the second time, appealed his sentence, but on Augsut 18, 2003, the First Circuit Court of Appeals held that the departure was warranted and that the sentence was not otherwise subject to collateral review. United States v. Frazier, 340 F.3d 5 (1st Cir. 2003)

### Petitioner's State Convictions

The petitioner subsequently moved for the vacation of the prior Dudley State Court convictions. On July 24, 2003, the presiding Judge of the Dudley District Court allowed one of the two motions for vacatur and on September 25, 2003, the matter was dismised for lack of prosecution upon the Commonwealth's consent. Docket Number 9764CR00175 ("May, 1997 assault")

### District Court's Habeas Corpus Denial

On February 1, 2005, the United States District Court held that, "the petitioner has not suggested that his conviction for the July, 1997 assault, as a result of which he received an additional two criminal history points, has been overturned nor has he suggested that the sentence imposed for the 1997 assaults would have been reduced had he been convicted of only one of those assaults." (Decision at 7)

### Subsequent State Court Proceeding

Following the denial of the habeas petition, the petitioner filed a Request for Clarification of a Prior Order Dismissing Proceedings (See Attached); This motion was based upon the fact that both the May, and July, 1997 convictions were attacked simulaneously in one prior motion made pursuant to Rule 30(b), Mass.G.L.

-4-

On the 5th day of April, 2005, the petitioner received in reply to his request for Clarification, a Docket Sheet bearing Docket No. <u>9764CR002386</u>, in which the Dudley District presiding Judge allowed the motion, <u>nunc pro tunc</u>. (See Docket Sheet, and Date Entry 7/24/03)

As a result of this modified Order, the instant sentence is infirm, and the petitioner is not entitled to relief.

## II.

**BASED UPON THE RECENT UNITED STATES SUPREME COURT DECISION IN <u>UNITED STATES</u> V. <u>SHEPARD</u>, No. 03-9168 (March 7, 2005), THE DISTRICT COURT"S RELIANCE ON FACTS NOT FOUND WITHIN THE RECORD OF A PRIOR STATE COURT PROCEEDING, VIOLATES THE SIXTH AMENDMENT.**

The petitioner also asserts, in this case, that the district court's reliance for imposing an enhanced sentence, based on facts not found within the record of the prior State Court proceeding, violates his Sixth Amendment right to jury trial as held in <u>United States</u> v. <u>Shepard</u>, <u>supra</u>.

As articulated within, the United States District Court, on his second sentencing proceeding, found that an upward adjustment to the criminal history was appropriate pursuant to USSG § 4A1.3, based on 3 factors; all three of which are constitutionally infirm.

Specifically, the Court found: (1) he committed two separate assaults and batteries in 1997 for which he was sentenced together and received two rather than three criminal history points and a light sentence; (2) <u>in connection with his 1995 drug conviction, he was involved with firearms;</u> and (3) after his arrest in July, 1997 for the two assaults, he threatened to kill the victim,

tried to persuade her to drop the charges and even threatened the arresting officer.

In light of Point I, whereas the two prior State court conictions have now been expunged, the Court cannot rely on the first subsection for enhancing the petitioner's present federal sentence. In light of the Supreme Court's recent ruling in United States v. Shepard, the District Court may not rely upon facts not appearing in the record, as a basis for enhancing the petitioner's present federal sentence. As such, the Court may not rely upon subsections (2) or (3) to increase the petitioner's criminal history category under USSG § 4A1.3.

A. The Applicability of Shepard to the Petitioner

Justice Souter delivered the opinion of the Court in Shepard, and concluded that "[e]nquiry under the ACCA to determine whether a guilty plea to burglary under a non-generic statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, to the term of the plea agreement or transcript of colloquy between judge and defendant in which the defendant confirmed the factual basis for the plea, or to some comparable judicial record of this information."

Moreover, in Part III of the Opinion, joined by Justice Stevens, Justice Scalia, and Justice Ginsburg, concluded that the rule in Jones v. United States, 526 U.S. 227, 243 n.6, and Apprendi v. New Jersey, 530 U.S. 466, 490, line of cases--that any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury, absent a waiver by the defendant-is also relevant to ACCA sentencing."

B. <u>The Petitioner Asserts That Shepard Is Also Extended To Career Offender Provisions, and Otherwise, e.g. 4A1.3; In That The Court Based His Reasoning For Enhancing The Petitioner's Criminal History Upon Facts, Neither In The Prior State Plea Proceedings.</u>

1. <u>Petitioner's 1995 Drug Conviction</u>

In 1995, the petitioner pled guilty before the Dudley District Court, under Dkt. No. 9562CR00945A&D, to Criminal Possession of a Controlled Substance with intent to distribute. The petitioner was sentenced to a term of 2½ years committed, 2 years to serve. A concomittant 90 days term was imposed and a 1 day term imposed for related conduct.

Essentially, the United States District Court, in this case utilized facts that appeared within the petitioner's PreSentence Report at ¶'s 36-38, as a basis for enhancing the petitioner's criminal history category from IV to V (See reason [2]). As the Supreme Court teaches us, this is impermissible in the context of USSG 4A1.3; <u>Shepard</u>, <u>supra</u>

In <u>Almendarez-Torres</u> v. <u>United States,</u> 523 U.S. 224, 118 S.Ct. 219 (1998), the United States Supreme Court held that the fact of a prior conviction for purposes of the determination of whether a defendant is an "aggravated felon", in an unlawful re-entry case, need not be submitted to the jury and proven beyond a reasonable doubt, but could be determined by the sentencing court by a preponderance of the evidence; is now in question in light of the Supreme Court's recent decision in <u>Shepard</u>.

In <u>Almendarez-Torres</u>, the Court made clear that it's decision was narrowly limited to the circumstances of a defendant who pled guilty, admitted his prior convictions at the time he pled guilty, and failed to raise the issue of whether a higher standard of proof was warranted with respect to establishing his prior convictions at sentencing. The Supreme Court left open the issue of the standard of proof concerns involving the establishment of prior convictions where no such admissions were made by the defendant regarding his prior conviction. The Court held, "We express no view on whether some heightened standard of proof might apply to sentencing determinations that bear significantly on soverity of a sentence." <u>Almendarez</u>, 523 U.S. at 248, 118 S.Ct. at 1233. Decisions rendered by the Supreme Court in the years following <u>Almendarez</u>, have evinced that the majority's clear repudiation of it's holding. In <u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466, (2000), the Court continued to except the fact of a prior conviction from it's holding that "any fact that increases the penalty for a crime beyond the proscribed statutory maximum must be submitted to the jury, and proven beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490, 120 S.Ct/ at 2363. However, while not over-ruling <u>Almendarez,</u> the majority in <u>Apprendi</u> noted that it was creating only a narrow excpetion to it's general rule for the "fact of a prior conviction", and that it was doing so because the petitioner had not contested the validity of <u>Almendarez</u>. In <u>Apprendi</u>, the Court acknowledged that "it was arguable that <u>Almendarez</u> was wrongly decided, and therefore limited it's holding to the unique facts of the case before it." <u>Apprendi</u>, 530 U.S. at 490.

In <u>Jones</u> v. <u>United States</u>, 526 U.S. 227, 119 S.Ct. 1215 (1999) (Stevens, J., concurring), Justice Stevens agreed with Justice Scalia that, contrary to <u>Almendarez</u>' holding, "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties." <u>Jones</u>, 526 U.S. at 252, 119 S.Ct. at 1229.

In <u>Dretke</u> v. <u>Haley</u>, 124 S.Ct. 1847, 1853 (2004), Justice O'Conner, writing for the majority, recognized that whether <u>Almendarez</u> remains valid following <u>Apprendi</u> presents a "difficult constitutional question." The <u>Dretke</u> majority criticized the dissenters because they had "simply assumed away" the issue in <u>Almendarez</u>. <u>Dretke</u>, at 1853.

In <u>Shepard</u>, the Supreme Court, in an interpretation of a statutory construction, extended the logic of <u>Jones</u>, and <u>Apprendi</u>, line of cases--that any fact other than a prior conviction sufficient to raise the limit of a possible federal sentence must be found by a jury, absent a waiver from a defendant, is also relevant to the ACCA sentencing. (Justice Souter, joined by Jusitce Scalia, Ginsburg, JJ., and Thomas, J.)

> "In a non-generic state, the fact necessary to show a generic crime is not established by the record of conviction as it would be in a generic state when a judicial finding of a disputed prior conviction is made on the authority of <u>Almendarez</u>. Instead, the sentencing judge considering the ACCA enhancement would (on the Government's view) make a disputed finding of fact about what the defendant and State judges must have understood as the prior plea's factual basis, and the dispute raises the concerns underlying <u>Jones</u> and <u>Apprendi</u>.

> The Sixth and Fourteenth Amendments guarantee a jury's standing between a defendant and the power of the State, and they guarantee a jury's finding of any disputed fact essential to increase a potential sentencing ceiling. The disputed fact here is to far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to <u>Jones</u> and <u>Apprendi</u>, to say that <u>Almendarez</u> clearly authorizes a judge to resolve the dispute. The rule of reading statutes to avoid serious risks of unconstitutionality therefore counsels the Court to limit the scope of judicial factfinding on the disputed generic character of a prior plea."

<u>Shepard</u>, supra

Based on the holding of <u>Shepard</u>, and the district court's utilization of those facts contained within the petitioner's PreSentence Report, without more, violated his 6th and 14th Amendment rights. The petitioner's 1995 drug conviction was simply for drugs. Although other people were arrested and charged with weapon's possession offenses, the district court may not use anything but the plea colloquy in it's assessment of the facts of a prior conviction for enhanced sentence usage.

As a result, the petitioner asserts that based upon the recent vacatur of judgment of the other prior conviction, which was used to enhance the petitioner, and based upon <u>Shepard</u>, a Certificate of Appealability must issue.

Respectfully,

*[signature]*

April 12, 2005