**United States District Court**
**District of Massachusetts**

```
_____
                                )
THOMAS FRAZIER,                 )
                                )
        Petitioner,             )
                                )      Civil Action No.
        v.                      )      04-40048-NMG
                                )
UNITED STATES OF AMERICA,       )
                                )
        Respondent.             )
_____ )
```

### MEMORANDUM & ORDER

**GORTON, J.**

The petitioner, Thomas Frazier ("Frazier"), who is proceeding pro se in this application for issuance of a certificate of appealability ("COA"), pled guilty in May, 1999, to one count of possession with the intent to distribute, and distribution of, cocaine base in violation of 21 U.S.C. § 841(a)(1). His conviction subjected him to a maximum statutory sentence of 20 years imprisonment. The government dropped two other charges against him.

### I.   Prior Court Decisions

In November, 1999, this Court sentenced Frazier to 151 months of incarceration after concluding that he was a "career offender". Upon Frazier's appeal of his sentence, the government conceded that his designation as a career offender had been in

-1-

error and the First Circuit Court of Appeals, accordingly,
remanded the case to this Court for resentencing.

In May, 2002, this Court held a resentencing hearing in
which it assigned to petitioner the following criminal history
points based upon his prior convictions:

a)   two points for a sentence imposed by the Dudley
     District Court in August, 1997 ("the August, 1997
     conviction"), in response to Frazier's conviction on
     two counts of assault and battery and one count of
     larceny arising from incidents in May, 1997 and July,
     1997;

b)   three points for a 1995 conviction relating to
     controlled substances; and

c)   three additional points because the present offense had
     been committed while Frazier was under the sentence
     imposed for the 1995 conviction and less than two years
     had elapsed following his release from custody for that
     same conviction.

Thus, the Court concluded that Frazier had a total of eight
criminal history points thereby placing him in Criminal History
Category IV.

Considered in conjunction with his total offense level of
27, the Court resentenced petitioner to 138 months of
imprisonment which was an upward departure from the applicable
guideline range of 100 to 125 months imprisonment.  The upward
departure was based upon the Court's determination that Frazier's
placement in Criminal History Category IV underrepresented the
seriousness of his criminal history and the likelihood of
recidivism.  Thus, a sentence in accordance with Criminal History

-2-

Category V was deemed more appropriate.  More specifically, the
Court justified its upward departure by looking to, inter alia,
1) evidence of Frazier's involvement with firearms in connection
to the 1995 drug conviction, 2) evidence that he had threatened
to kill the victim and harm the arresting officer in connection
with the August, 1997 conviction and 3) the leniency of his
sentence for the August, 1997 conviction.

Frazier's appeal of his resentencing was unsuccessful.  See
United States v. Frazier, 340 F.3d 5 (1st Cir. 2003) (holding
that the upward departure was warranted under federal law and
petitioner's plea agreement).

In the meantime, Frazier moved for a new trial in Dudley
District Court with respect to the assault and battery charge
stemming from the May, 1997 incident.  In July, 2003, the
presiding judge of that court allowed Frazier's motion and in
September, 2003, the matter was dismissed for lack of prosecution
because the complainant did not wish to testify ("the September,
2003 decision").

In April, 2004, Frazier petitioned this Court for a writ of
habeas corpus under 28 U.S.C. § 2255 on the ground that his state
court conviction for the May, 1997 assault had been vacated.
Frazier contended in that petition that he should be resentenced
pursuant to a reduction in his criminal history points from eight
to three.  In a Memorandum & Order entered February 1, 2005, this

-3-

Court acknowledged that the vacation of a prior conviction could entitle a defendant to resentencing but concluded that Frazier was not so entitled under the facts presented. The two criminal history points assigned pursuant to U.S.S.G. § 4A1.1(b) for the August, 1997 conviction were determined by the length of Frazier's sentence for that conviction, not the number of charges to which the sentence related. Because petitioner offered no evidence that his sentence for the August, 1997 conviction would have been less severe had the May, 1997 assault charge not been brought, and in light of the Court's prior determination that Frazier's sentence for the August, 1997 conviction had been lenient, it dismissed Frazier's petition for habeas relief.

Frazier brings the pending COA application with respect to the Court's dismissal of his petition for habeas corpus. He contends that a COA should be granted on the grounds that 1) recent clarification of the September, 2003, decision of the Dudley District Court establishes that his entire August, 1997 conviction has been vacated and 2) the upward departure imposed by this Court at his resentencing was based upon facts not within the record in violation of Shepard v. United States, 544 U.S. 13 (2005).

Also pending before the Court are Frazier's motions to appoint counsel for his appeal and to proceed in forma pauperis.

-4-

## II.  **Discussion**

### A.   **Legal Standard**

Pursuant to 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right".  In deciding upon an application for a COA, a district judge must state which issues, if any, satisfy the standard set forth in § 2253(c)(2) or the reasons for denying the application.  First Cir. Loc. R. 22.1(a).

The applicable standard for issuance of a COA depends upon whether the petition for which appeal is sought was denied upon substantive or procedural grounds.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Because Frazier's petition for habeas corpus was denied on the merits, this Court may issue a COA if "the petitioner ... demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong".  Id.

### B.   **Analysis**

The first issue as to which petitioner seeks a COA relates to the nullification of his August, 1997 conviction.  At the time that he petitioned the Court for a writ of habeas corpus, Frazier presented no evidence that the entire August, 1997 conviction had been vacated.  If that conviction has been expunged, the Court agrees that Frazier would be entitled to a two-point reduction in

-5-

the calculation of his criminal history points thereby reducing
the total from eight to six and placing him in Criminal History
Category III.  At the time of Frazier's resentencing, the Court
concluded that the sentencing guidelines placed him in Criminal
History Category IV but that an upward departure into Criminal
History Category V was warranted.  Because the sentence that the
Court previously imposed relied upon the August, 1997 conviction
and facts relating thereto, the subsequent vacation of that
conviction presents an issue that the Court deems appealable.

On the other hand, Frazier has not provided a compelling
argument that this Court's upward departure at the time of his
resentencing was in violation of the holding in the Shepard case.
In that case, the United States Supreme Court held that when a
trial judge considers whether a defendant's guilty plea to
burglary constitutes a predicate offense for purposes of the
Armed Career Criminal Act ("the ACCA"), the court's inquiry is

> limited to the terms of the charging document, the terms of
> a plea agreement or transcript of colloquy between judge and
> defendant in which the factual basis for the plea was
> confirmed by the defendant, or to some comparable judicial
> record of this information.

Shepard, 544 U.S. at 1263.  A plurality of the Court suggested
that the holding flowed from the rationale of the Jones v. United
States, 526 U.S. 227 (1999), and Apprendi v. New Jersey, 530 U.S.
466 (2000), opinions because the applicability of the ACCA to the
defendant effectively increased his sentence from a maximum of 10

-6-

years to a minimum of 15 years imprisonment.  In his concurrence,
Justice Thomas suggested that the Court should revisit the
holding of <u>Almendarez-Torres</u> v. <u>United States</u>, 523 U.S. 224
(1998), in which the Court held that the fact of a defendant's
prior conviction need not be proved to a jury beyond a reasonable
doubt.

Here, Frazier suggests that the Court failed to follow
<u>Shepard</u> by departing upward on the basis of certain facts
relating to, but not contained in the record of, his prior
convictions.  The Court is unpersuaded by Frazier's contentions.
First, petitioner's challenge is unrelated to the ACCA.  Second,
there is no possible <u>Jones</u> or <u>Apprendi</u> violation because the
Court's upward departure did not raise the ceiling with respect
to which Frazier could have been sentenced under the statute.
Finally, petitioner's reliance upon the alleged frailty of
<u>Almendarez-Torres</u> is misplaced.  Not only is that case still good
law, <u>see</u> <u>United States</u> v. <u>Ivery</u>, 427 F.3d 69, 75 (1st Cir. 2005),
but it is inapposite here because the sentence imposed by this
Court did not surpass the applicable statutory maximum.

### ORDER

In accordance with the foregoing memorandum, petitioner's
request for a Certificate of Appealability (Docket No. 21) is,
with respect to his first ground, **ALLOWED** and, with respect to

-7-

his second, **DENIED.**  Frazier may present to the First Circuit
Court of Appeals the issue of whether he is constitutionally
entitled to be resentenced on the ground that a prior conviction
has been wholly vacated.  Petitioner's related Motion for
Appointment of Counsel (Docket No. 17) is **DENIED,** but his Motion
to Proceed in Forma Pauperis (Docket No. 19) is **ALLOWED.**

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: May 26 , 2006

-8-