UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS FRAZIER,
    Petitioner      :
                    :
                    :  Civil Action No.
v.                 :  04-40048-NMG
                    :
UNITED STATES OF AMERICA,  :
    Respondent      :

MOTION FOR RELEASE ON
RECOGNIZANCE OR SURETY
PURSUANT TO F.R.A.P. RULE 23(b)

    NOW COMES, Thomas Frazier, Appellant/Petitioner and pursuant to F.R.A.P. Rule 23(b) moves this Honorable Court to order his release on personal recognizance or surety pending his ongoing Appeal.

    In support of his Motion, your Appellant avers that:

1. His case is pending before the First Circuit Court of Appeals as a result of the District Court's granting of a Certificate of Appealability in its Order of May 26, 2006;

2. The issue pending before the Appeals Court involves the dismissal and expungment of state convictions that were used to enhance Appellant's sentence from a Criminal History Category of IV to Category V under the U.S.S.G.;

3. The District Court commented while granting the Certificate of Appeal that without the support of the two state charges in question, Appellant would fall into Criminal History Category III [1];

4. Currently, Appellant is serving a 135-month sentence with a current release date of approximately February 2008;

5. If resentenced under Category III, Appellant will have already completed his lawful term of incarceration even as this Motion is made and decided;

6. His Appeal presents a substantial question as to the constitutionality of Appellant's detention, See United States v. Zillgitt, 286 F.2d 128 (2d Cir. 2002)

7. There is a strong liklihood of success on the merits of the pending Appeal;

8. Denial of bail will leave the Appellant without a remedy in the event of a favorable disposition of the pending Appeal;

9. The circumstances of this case are extraordinary because the habeas remedy will be rendered inadequate in the event of a successful appeal, See LaFrance v. Bohlinger, 487 F.2d 506, 507 (1st Cir. 1973) where release pending appeal was approved because the petitioner had served most of his sentence and requiring him to serve more would be too harsh;

10. There is little risk the Appellant will flee as he has already completed all but 18-months of his current (arguably illegal) sentence,

---

[1] The documentation lacking before the District Court in the original § 2255 Petition was supplied as a part of the request for COA. Same is included with Petitioner's Brief in support of his Appeal filed simultaneously herewith.

      see <u>Hilton v. Braunskill</u>, 481 U.S. 777, where bail pending appeal was allowed citing the principle that the less time remaining on a prisoner's sentence the stronger the basis there is for release pending further adjudication;

11. Appellant/Petitioner is still subject to a term of supervised release under his current sentence and he can be required to fulfill those conditions while he is released and his Appeal is pending.

**WHEREFORE,** release on recognizance or surety is requested upon conditions the Court deems just and appropriate.

Respectfully,

Dated: 8/23, 2006

_____
Thomas Frazier, Pro Se