MEMORANDUM OF LAW
IN SUPPORT OF MOTION
FOR RELEASE PURSUANT TO
F.R.A.P. 23(b)

Appellate Rule 23(b) authorizes the District Judge, the Court of Appeals, or its members to order a prisoner released pending an appeal of a federal court habeas action. 2 Hertz & Liebman, Federal Habeas Corpus Practice Procedure § 36.4(b) at 1806.

Policy and case law encourage prisoners to apply for release to the judge whose decision the appellant seeks to have reviewed, even after Notice of Appeal has been filed. 2 Hertz & Liebman, Supra, § 36.4(b) at 1807 (cases cited therein).

Appellate Rule 23(b) does not specify a standard for adjudicating requests pending appeal of rulings adverse to prisoners. The courts have generally applied the same standards that apply to bail motions prior to rulings in habeas cases. 2 Hertz & Liebman, Supra, § 36.4(b) at 1808; Glynn v. Donnelly, 470 F.2d 95,98,99 (1st Cir. 1972).

These criteria are codified in 18 U.S.C. 3143(b), wherein it states that a person convicted is to be detained unless the judicial officer finds:

> "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --

>   (i) reversal,
>   (ii) a sentence that does not include a term of imprisonment, or
>   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

In the case at bar for the reasons cited in the Motion attached it is respectfully suggested release is appropriate and mandated by a fair reading of the applicable law.

Respecfully,

Dated: 8/23, 2006

*Thomas Frazier*
Thomas Frazier, Pro Se

CERTIFICATE OF SERVICE

I, Thomas Frazier, do hereby certify that the preceeding document is a true copy. Furthermore, this document is signed under the pains and penalties of perjury pursuant to 28 U.S.C. § 1746 and has been deposited with the authorities of the Federal Correctional Institution Ray Brook for prepaid mailing via U.S. Postal Service on this __23__ day of __August__ 2006, to be served upon the following:

>United States Attorney
>John J. Moakley U.S. Courthouse
>One Courthouse Way
>Boston, MA 02210

Dated: __8/23__, 2006                     _____
                                          Thomas Frazier, Pro Se


>DOCUMENT ENCLOSED:
>
>MOTION FOR RELEASE ON RECOGNIZANCE
>AND SUPPORTING MEMORANDUM